UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>PENDLETON WESTBROOK SPE, LLC, )<br>et al., )<br>)<br>Defendants ) | 2:16-cv-00411-JDL |

**MEMORANDUM OF DECISION ON MOTION FOR APPOINTMENT OF RECEIVER**

In this removed action, Plaintiff U.S. Bank, N.A., asserts that Defendants, five special purpose entities,[1] breached a promissory note currently held by Plaintiff by failing to pay the balance of the note on or before its December 11, 2015, maturity date. The note is secured by a commercial mortgage trust and security instrument on the property located at One Riverfront Plaza, Westbrook, Maine. The matter is before the Court on Plaintiff's request for the appointment of a receiver. (ECF Nos. 3, 1-5.)

Following a review of the motion and related memoranda, and after consideration of the parties' arguments, I grant the motion.[2]

---

[1] The Defendants are Pendleton Westbrook SPE, ZAK Westbrook SPE, SRA Westbrook SPE, SPC Westbrook SPE, and Paris Westbrook SPE. Each of the entities is a Delaware limited liability company with a principal place of business in Hackensack, New Jersey. As alleged in the complaint, Plaintiff is a national banking association with a principal place of business in Minneapolis, Minnesota. Defendants' notice of removal states that SRA Westbrook SPE has a member that has a member that is a Maine LLC, but that none of the members of defendants is domiciled in Maine. (Notice of Removal ¶¶ 18 – 22.) While the existence of a Maine LLC member raises a potential concern over the propriety of removal pursuant to 28 U.S.C. § 1441(b)(2), "removal in contravention of the prohibition against removal by an in-forum defendant creates a procedural defect that is subject to waiver under 28 U.S.C. § 1447(c)." *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 28 (1st Cir. 2012). The existence of subject matter jurisdiction, based on complete diversity, is otherwise established by Defendants' unchallenged assertion that no member is domiciled in Minnesota.

[2] A motion to appoint a receiver is a non-dispositive procedural matter over which a magistrate judge may enter an order under 28 U.S.C. § 636 and Fed. R. Civ. P. 72. *See*, *e.g.*, *Cadena v. A-E Contracting, LLC*, No. 3:08-cv-00574,

**Procedural Background**

Plaintiff filed suit in Maine Superior Court, Cumberland County, on July 12, 2016. (State Court Docket, ECF No. 12-1; *see also* Verified Complaint, ECF No. 1-4.) With its complaint, Plaintiff filed a motion for appointment of a receiver. (Motion, ECF No. 1-5.) Defendants oppose the appointment of a receiver. (ECF No. 1-8). Defendants also removed the matter to this Court citing the Court's diversity jurisdiction. (ECF No. 1.)

**Background Facts**

This action is based on, inter alia, Plaintiff's attempt to recover on a promissory note in the principal sum of 20 million dollars, which note Plaintiff currently holds through a series of allonges. The note is secured by a mortgage and security agreement pledging as collateral the borrowers' interest in certain real property located at One Riverfront Plaza, Westbrook, Maine, which mortgage and security interest Plaintiff now holds through a series of assignments. The original instruments were executed on November 21, 2005. (Verified Complaint ¶¶ 7 – 12.)

As of the filing of the complaint, the property was vacant. The property includes a lease for up to 540 parking spaces in an adjacent parking garage. (*Id.* ¶¶ 13 – 14.)

On or about January 12, 2016, Plaintiff provided Defendants with a notice of default, acceleration and demand for payment. (*Id.* ¶ 17.) Plaintiff cites as the basis of the default Defendants' failure to tender payment of the outstanding obligation on or before December 11, 2015, the maturity date of the promissory note. (*Id.* ¶¶ 9, 17.)

---

2013 WL 6178515, at *2 (D. Conn. Nov. 22, 2013); *JPMorgan Chase Bank, N.A. v. Heritage Nursing Care, Inc.*, No. 1:06-cv-04803, 2007 WL 2608827, at *1 (N.D. Ill. Sept. 6, 2007).

Article III of the mortgage specifies Plaintiff's remedies in the event of default. In addition to foreclosure, the remedies include acceleration, entry on the property, and collection of rents and profits. Subsection 3.1(d) of the remedies provision also authorized the appointment of a receiver.

> Upon, or at any time prior or after, initiating the exercise of any power of sale, instituting any judicial foreclosure … or any other legal proceedings hereunder, ... [Mortgagee may] make application to a court of competent jurisdiction for appointment of a receiver for all or any part of the Property, as a matter of strict right and without notice to Mortgagor and without regard to the adequacy of the Property for the repayment of the indebtedness secured hereby, and Mortgagor does hereby irrevocably consent to such appointment, waives any and all notices of and defenses to such appointment and agrees not to oppose any application therefor by Mortgagee .... Any such receiver shall have all of the usual powers and duties of receivers in similar cases, including, without limitation, the full power to hold, develop, rent, lease, manage, maintain, operate and otherwise use or permit the use of the Property upon such terms and conditions as said receiver may deem to be prudent and reasonable under the circumstances as more fully set forth in Section 3.3 below. Such receivership shall, at the option of Mortgagee, continue until full payment of all the indebtedness secured hereby or until title to the Property shall have passed by foreclosure sale under the Mortgage or deed in lieu of foreclosure.

(Mortgage ¶ 3.1(d).)

In opposition to the motion for appointment of a receiver, Defendants filed an affidavit of Peter Hanson (ECF No. 1-8), Defendants' agent. According to Mr. Hanson, the expense of appointing a receiver will unduly burden Defendants due to the lack of rental income. (Hanson Aff. ¶ 4.) Defendants have been working diligently to obtain tenants and were engaged in negotiations in August 2016, to rent space. (*Id.* ¶ 5.) Mr. Hanson suggests the appointment of a receiver could disrupt the process. (*Id.* ¶ 6.) Defendants continue to pay the expenses of the property and are adequately maintaining the property. (*Id.* ¶¶ 7 – 10.) Defendants are also providing and will continue to provide Plaintiff with all necessary records related to the property. (*Id.* ¶ 11.) Mr. Hanson attached to his affidavit a lease proposal with a ten-year term. The proposed occupancy date is October 1, 2018, with rents to commence six months later. (ECF No. 1-8, Ex. A.)

In support of its request for the appointment of a receiver, Plaintiff filed an affidavit of Jeremy Zinn (ECF No. 21-1), asset manager for CWCapital Asset Management, the special servicer for Plaintiff. Mr. Zinn's affidavit, to which a payoff statement (ECF No. 21-2) and an appraisal of Riverfront Plaza (ECF No. 21-3) are attached, establishes a payoff amount of over 18 million dollars and an appraised property value of 10.5 million dollars. Mr. Zinn asserts that entities associated with Defendants' members (entities that have common "owners" as Defendants) accrued over $75,000 in unpaid expenses at another property financed by Plaintiff, which expenses Plaintiff ultimately funded. (Zinn Aff. ¶ 5.)

On October 6, 2016, Defendants filed a supplemental affidavit of Mr. Hanson. Mr. Hanson asserts a new potential tenant has been identified. (ECF No. 22.) Mr. Hanson prepared a letter of intent in which he proposes to CBRE/The Boulos Company[3] that a third party lease a portion of the property for a ten-year term commencing July 1, 2017. Lender approval is required. (ECF No. 22-1.)

**Applicable Standard**

The appointment of a receiver is procedural in nature and, therefore, federal law applies. *See*, *e.g.*, *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.,* 153 F.3d 1289, 1291 – 92 (11th Cir. 1998); *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.,* 999 F.2d 314, 316 (8th Cir. 1993) ("The appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable principles."); Fed. R. Civ. P. 66.[4]

---

[3] Plaintiff has proposed that The Boulos Company serve as the receiver. While Defendants oppose appointment of the receiver, Defendants have not objected to the proposed receiver.

[4] In *Hanna v. Plumer,* 380 U.S. 460 (1965), the Supreme Court advised: "When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie* choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions."). *Id.* at 471. Plaintiff initially filed its motion for appointment of a receiver in

This Court has inherent equitable power to appoint a receiver to manage or preserve property pending judgment. *United States v. Quintana-Aguayo*, 235 F.3d 682, 686 & n.8 (1st Cir. 2000). "[T]he decision to appoint a receiver … lies within the discretion of the court." *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326 (1st Cir. 1988). Some of the factors a court may consider include whether the defendant is alleged to have engaged in fraudulent conduct, whether the property is in imminent danger, whether the available legal remedies are adequate, whether the harm to the plaintiff caused by the denial of the appointment would exceed the harm to the defendant and others opposed to the appointment, whether the plaintiff is likely to succeed in the action, whether the plaintiff's interests in the property might be susceptible to irreparable injury, and whether the interests of the plaintiff and others sought to be protected will be well served by the receivership. *Id.* at 326 – 27.

## Discussion

Plaintiff maintains a receiver is warranted based on paragraph 3.1(d) of the mortgage, which authorizes the appointment of a receiver upon default. (Motion at 3.) Plaintiff also cites concerns generated by the vacancy of the building, which concerns include the lack of operating income to fund maintenance and upkeep, and potentially insufficient revenue to maintain the parking lot lease. (*Id.* at 2.) Defendants oppose the appointment of a receiver primarily based on the cost of a receiver and because they believe a receiver would undermine their efforts to secure tenants and, by extension, new financing.

Not insignificantly, the loan documents authorize the appointment of a receiver in the event of default. In fact, the mortgagor agreed not to oppose the appointment. While not controlling,

---

state court, and relied on state law and precedent to support its motion. Because Defendants removed the case before the state court addressed the motion, federal law applies.

the Law Court's observation in *Fleet Bank of Maine v. Zimelman*, 575 A.2d 731 (Me. 1990) is instructive. In *Fleet*, the Court wrote: "The Bank contends that since defendants admit that a default has occurred, the plain meaning of the contract entitles the Bank to the appointment of a receiver regardless of the underlying cause of the default. We agree with the Bank." *Id.* at 733 – 34.

In addition to the terms of the contract, consideration of the other relevant factors militates in favor of the appointment. A review of the record suggests Plaintiff is likely to prevail in this action. Plaintiff's ability to recover the substantial amount owed, therefore, is of particular concern. Given that the payoff amount exceeds the appraised value of the property, any harm to the property could seriously jeopardize Plaintiff's ability to recover the amounts owed. The risk of harm to the property is legitimate given Defendants' apparent financial challenges. In fact, Defendants evidently accrued more than $75,000 in unpaid property expenses in connection with an unrelated property. (Affidavit of Jeremy Zinn, ¶ 5, ECF No. 21-1.) The appointment of a receiver would ensure that Defendants' financial concerns do not compromise the value of the property. Moreover, contrary to Defendants' argument, the Court is unconvinced that the appointment of a receiver would prevent or materially interfere with the acquisition of suitable tenants or substitute financing. Consistent with a receiver's obligations to the Court, a receiver would be expected to assist in maintaining the value of the property as an ongoing concern, and not interfere with any efforts to secure tenants or Defendants' attempt to obtain refinancing.[5] In short, the circumstances of this case warrant the appointment of a receiver.

---

[5] A receiver is an officer of the court and as such does not owe allegiance to either party, but rather acts as a fiduciary on behalf of both parties. *See Gaskill v. Gordon,* 27 F.3d 248, 251 (7th Cir. 1994).

## Conclusion

Based on the foregoing analysis, Plaintiff's motion for appointment of receiver is granted. Although Plaintiff filed with the Court a proposed order of appointment, the Court believes a discussion with the parties regarding the terms of the order is appropriate. Accordingly, the Court will schedule a telephonic conference to discuss the terms of the order of appointment.

## NOTICE

Any objections to this Memorandum of Decision shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of November, 2016.